HENRY B. VEATS *vs.* TOWN OF DANBURY. EZRA WATERMAN *vs.* THE SAME. GEORGE B. WATERMAN *vs.* THE SAME.

The act of July 10th, 1862, authorized towns to give bounties to volunteers in the military service of the United States. The act of November 13th, 1863, repealed that act, substituted a bounty from the state treasury, and expressly prohibited further appropriations for the purpose by the towns. The act of July 6th, 1864, validated the previous action of towns in making appropriations to defray expenses attending the raising of volunteers and for assisting drafted men. The town of *D* in August, 1863, voted to pay $300 to every volunteer enlisting in the United States service and credited to the quota of the town. The plaintiff enlisted in January, 1864, and was credited to the quota of the town. At this time he did not know of the vote of August, 1863, and was not induced to enlist by any representation of the agents of the town with regard to his right to a bounty from the town. Held—1. That the vote of August, 1863, was rendered inoperative by the act of November, 1863. 2. That the vote of August, 1863, was not rendered operative by the act of July, 1864.

If the town had treated the vote as operative and had made appropriations or otherwise acted under it after the repeal of the act of July, 1862, the case would have fallen within the purview of the act of July, 1864.

The act of 1865, known as the Warren Act, held to have no application to the case.

ACTIONS of assumpsit against the defendant town to recover bounties voted by the town to volunteers enlisting in the military service of the United States and credited to the quota of the town; brought to the Superior Court in Fairfield County and reserved on facts found by the court for the advice of this court. The case is sufficiently stated in the opinion.

*Sanford* and *Seymour*, for the plaintiffs.

*Booth* and *Brewster*, for the defendants.

BUTLER, C. J. There are three of these cases argued as one, the main question in each being the same.

By the act of July 10th, 1862, the towns of the state were authorized to give bounties to volunteers, and the vote passed by the defendant town on the 29th of August, 1863, was therefore valid in its inception.

Veats *v.* Town of Danbury.

By the act of November 13th, 1863, the act of July 10th, 1862, was repealed, a bounty to volunteers payable from the state treasury substituted, and the towns expressly forbidden to make any further appropriation for such purpose. The defendant town thereafter treated the vote as inoperative, and the plaintiffs enlisted after it so became inoperative as a legal vote, and after the enactment of that prohibition, without any act done or representation made by the town or its agents, intended or calculated to induce them to enlist in reliance upon the bounty originally intended by it. Under such circumstances we see no ground upon which judgment can be rendered for the plaintiffs.

It is claimed that the town was rendered liable by the act of July 6th, 1864, and on the ground that the vote not being rescinded remained a continuing vote. We cannot assent to this claim. The vote was legal when passed, because authorized by the act of 1862, and continued a legal vote until the repeal of the act of 1862, and the prohibition which accompanied it. After that repeal and prohibition the vote became legally inoperative, and nothing was afterwards done or attempted by the town or its officers or agents under it. If the town or its agents had undertaken to treat the vote as still operative, and had made appropriations or representations, or otherwise acted pursuant to it, and by such action, *subsequent to such repeal,* had brought themselves within the purview of the act of July 6th, 1864, we should hold such action obligatory upon the town. But such acts and appropriations cannot be presumed and are not found, and there was no appropriation or action subsequent to the repeal and prohibition upon which the act of July, 1864, could operate.

It is further claimed that the town is liable under the so-called Warren Act of 1865, but we are of opinion that it has no bearing upon the case.

A consideration of other questions raised is unnecessary.

For these reasons we advise judgment for the defendants in each of the cases.

In this opinion the other judges concurred.